IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**MICHELLE LYNN KILGORE,**

      **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　　　　**Civil Action No. 5:14cv23**
　　　　　　　　　　　　　　　　　　　　　　　　　　**Judge Stamp**

**JIM RUBENSTEIN, Commissioner, WVDOC;**
**JOE DELONG, WVRJA Executive Director;**
**MICHAEL S. VILLERS, Administrator,**
**Tygart Valley Regional Jail; ALYSSA**
**LACEY, Inmate Movement Coordinator;**
**and BILL CANTEBURY, Inmate Movement**
**Coordinator,**

      **Defendants.**

## REPORT AND RECOMMENDATION

### I. Procedural History

On February 20, 2014, the *pro se* plaintiff, an inmate then-incarcerated at the Tygart Valley

Regional Jail ("TVRJ") in Belington, West Virginia, initiated this case by filing a filing a civil rights

complaint against the above-named defendants pursuant to 42 U.S.C. §1983, along with a motion for

leave to proceed *in forma pauperis* ("IFP") and supporting documents.  The Clerk of Court issued a

Notice of Deficiency, directing the plaintiff to produce the Ledger Sheets to her Prisoner Trust

Account Report within twenty-one days. On March 6, 2014, the plaintiff filed her Ledger Sheets and

a letter motion, seeking appointed counsel.  By separate Orders entered March 10, 2014, the motion

for appointed counsel was denied and the plaintiff was granted permission to proceed IFP; however,

her initial partial filing fee was waived until she had sufficient funds in her prison trust account to

pay the same.

On March 19, 2014, the undersigned conducted a preliminary review of the complaint and

determined that summary dismissal was not appropriate. Accordingly, an Order to Answer was

entered, and Summonses were issued for the defendants.

On April 16, 2014, the defendants filed a motion to dismiss with a memorandum in support. Before the court issued a <u>Roseboro</u> Notice, the plaintiff filed a response, styled as Plaintiff [sic] Response to Motion to Dismiss and Memorandum in Support of Defendant's [sic] Motion to Dismiss, along with another motion for appointed counsel. By Order entered May 12, 2014, plaintiff's second motion for appointed counsel was denied. On On May 16, 2014, the defendants filed a reply to plaintiff's response. On June 6, 2014, the plaintiff responded to the defendants' reply, and filed a third motion for appointed counsel. By Order entered June 12, 2014, plaintiff's third motion for appointed counsel was denied. On July 10, 2014, the plaintiff filed a Motion to Set Trial Date.

On September 17, 2014, the plaintiff filed a Notice of Change of Address, dated August 27, 2014, indicating that she had been transferred to the Lakin Correctional Center in West Columbia, West Virginia.

This case is before the undersigned for a report and recommendation pursuant to 28 U.S.C. § 1915 and LR PL P 2*.*

## II. <u>Contentions of the Parties</u>

### A. <u>The Complaint</u>

In the complaint, the plaintiff implicitly raises conditions of confinement claims, averring that due to overcrowding, the West Virginia Division of Correction is not timely transferring inmates like herself to the prison system until just before they come up for parole review. She contends that because she is being confined at the jail, she is being deprived of the opportunity to participate in classes for improvement to rehabilitate herself, to improve her chances for parole and success upon release. Further, she contends that remaining confined at the jail deprives her and inmates like her from the opportunity for paying jobs; work release; medical or mandatory savings; and more liberal visitation.

Plaintiff admits that she has not filed a grievance over the claims in her complaint, because the "grievance procedure here can't fix issues with Department of Corrections. We have to write the DOC office." She attaches a January 24, 2014 letter from Alyssa Lacey, WVDOC Inmate Movement Coordinator, which explains, *inter alia,* that the DOC does not have adequate bed space to immediately move every inmate committed to its custody into one of its facilities, and an undated letter from Jennifer Ballard, WVDOC Director of Programs, stating in pertinent part that no action would be taken on her request to be included in the Accelerated Parole Program until she was at a WVDOC facility. She also attaches a list of sixteen other TVRJ female inmates' names and DOC numbers, contending that she is "not the only person who wants to be a part of this complaint," and asking if they can be added to her complaint "if they fill out their own?"[1]

As relief, plaintiff seeks transfer to a facility where she will be afforded her Division of Correction rights; reimbursement of costs incurred in filing this case; and monetary damages in the form of "the amount of wages and mandatory/medical savings I have missed by being in a regional jail so I will be successful upon release."

## B. Defendants' Motion to Dismiss

The plaintiff's complaint should be dismissed because

1) it fails to set forth a federal constitutional or statutory right upon which relief can be granted:

2) plaintiff has no federal liberty interest in receiving programming while in prison;

3) she has no federal constitutional property or liberty right to a paying job while in prison;

4) the plaintiff has no federal property or liberty interest in work release;

5) the plaintiff has no liberty or property interest in participating in an accelerated parole program prior to being transferred to a correctional facility;

---

[1] On March 5, 2014, the Clerk of Court entered a note on plaintiff's docket, stating that two of the 1983 packets sent out on February 20, 2014, to two of the inmates on plaintiff's list, were returned as "Return to Sender, Unable to Forward – Inmate No longer at TVRJ."

6) the plaintiff has no federal property or liberty interest in a medical/mandatory savings account;

7) the plaintiff has no federal property or liberty interest in visitation, in excess of what is provided at the TVRJ; and

8) the defendants have no power to grant plaintiff the relief she requests, because the West Virginia Regional Jail Authority ("WVRJA") has no jurisdiction, control, or statutory authority to unilaterally move an inmate to a West Virginia Division of Corrections ("WVDOC") facility; pursuant to W.Va. Code §25-1-3(a), that power lies solely with the WVDOC.

**C.** **Plaintiff's Response to the Defendant's Motion to Dismiss**

Plaintiff reiterates her claims and attempts to refute the defendants' arguments on the same. She raises an equal protection claim, arguing that her continued confinement at the TVRJ deprives her from receiving the same rights as inmates housed at the Lakin Correctional Center. In support of her claims, she argues that she has been in a regional jail for 18 months; is indigent and cannot pay her court-ordered child support or restitution; has "major health issues;" has not seen her son in 18 months; has not been placed in any Division of Corrections required or recommended classes; is a non-violent offender who should be entitled to work release but instead, is being housed in a maximum security facility; has been "write up free" throughout her incarceration; and could be released sooner if she were able to participate in an accelerated parole program.

**D.** **Defendants' Reply**

The WVDOC does not have sufficient capacity to house every person sentenced to its custody, and has to contract with the WVRJA to house inmates. Plaintiff's equal protection of the law claim fails to state a claim upon which relief can be granted. Inmates are not considered to be a constitutionally suspect classification; there is no fundamental right involved in an inmate's assigned programming, work or correctional facility; and she has made no showing that either the WVDOC's decision to place inmates in regional jails has no rational relationship to a legitimate state purpose, or that her assignment to a regional jail was not rationally based.

**E.** **Plaintiff's Response to Defendants' Reply**

The plaintiff reiterates her arguments and again attempts to refute the defendants' on the same. She urges that a trial date be set to right "this HUGE wrong"[2] that the WVDOC is perpetrating.

### III. Analysis

Article III of the United States Constitution, limits the jurisdiction of the federal courts to cases or controversies. Therefore, a case becomes moot when there is no viable legal issue left to resolve. See Powell v. McCormick, 395 U.S. 486, 496 (1969). If developments occur during the course of a case which render the Court unable to grant a party the relief requested, the case must be dismissed as moot. Blanciak v. Allegheny Ludlum Co., 77 F.3d 690, 698-699 (3rd Cir. 1996).

The plaintiff is seeking an immediate transfer to a West Virginia Division of Corrections facility.

The plaintiff's September 17, 2014 notification to the court of her change of address indicates that she has already received the relief requested in her complaint: a transfer to a correctional facility where she will have the opportunities to participate in classes for improvement to rehabilitate herself; improve her chances for parole and success upon release; earn wages; work release; medical or mandatory savings; and obtain more liberal visitation. Accordingly, there is no relief[3] that this court can offer. Therefore, this case is now moot.

### IV. Recommendation

For the foregoing reasons, the undersigned recommends that this matter be **DISMISSED with prejudice as moot.**

Further, the undersigned recommends that plaintiff's pending Motion to Set Trial Date be **DENIED** (Dkt.# 33) **as moot.**

---

[2] Dkt.# 29.

[3] While the plaintiff's complaint also requests reimbursement of her costs in filing suit and monetary damages for being confined in the regional jail, because she has no constitutional right to the same she has failed to state a claim upon which relief can be granted, and thus she is not entitled to money damages.

**Within fourteen (14) days** after being served with a copy of this recommendation, **or by November 17, 2014,** any party may file with the Clerk of the Court written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. **Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to her last known address as shown on the docket, and to transmit a copy electronically to all counsel of record.

DATED: November 3, 2014

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE