IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MICHELLE LYNN KILGORE,

        Plaintiff,

v.                                    Civil Action No. 5:14CV23
                                                       (STAMP)
JIM RUBENSTEIN, JOE DELONG,
MICHAEL S. VILLERS, ALYSSA LACEY,
BILL CANTEBURY,

        Defendants.

**MEMORANDUM OPINION AND ORDER AFFIRMING AND ADOPTING THE
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
DISMISSING CIVIL ACTION AS MOOT AND DENYING THE PLAINTIFF'S
MOTION TO SET A TRIAL DATE AS MOOT**

                    I.  Background

    The pro se[1] plaintiff, who was then-incarcerated at Tygart Valley Regional Jail, filed a complaint wherein she alleges several claims under 42 U.S.C. § 1983 ("§ 1983"). Specifically, she claims the following: (1) because of overcrowding at her jail, the West Virginia Division of Corrections ("DOC") is transferring inmates in an untimely fashion; (2) that because she is in a regional jail, she is deprived of any opportunity to engage in rehabilitative classes or to improve her chances for parole; and (3) that being confined in a regional jail deprives inmates, including herself, the opportunity to obtain paying jobs, work release, use medical or mandatory savings, or receive more liberal visitation rights. ECF

---

    [1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

No. 1. Essentially, she seeks an opportunity for parole, which she can obtain only through programs offered in DOC facilities rather than the regional jail in which she is currently housed. Although she did not submit a grievance for her issues regarding the status of the jail, the plaintiff claims she failed to file anything because "she has to write the DOC office." In addition to her complaint, the plaintiff provides a letter she wrote to the DOC, wherein Jennifer Ballard, the DOC Director of Programs, informed the plaintiff that she will be considered for membership in the accelerated parole program once she is transferred to a DOC facility. Regarding relief, the plaintiff requests to be transferred to a DOC facility, compensation for filing fees, and damages owed to her for the savings she "missed by being in a regional jail so [she] will be successful upon release."

Later, the defendants filed a motion to dismiss. ECF No. 17. In that motion, the defendants first argued that the plaintiff failed to show a violation of any rights found under the Constitution or federal law. Second, the defendants asserted that the plaintiff has no liberty interest in receiving programming while in prison. Third, the defendants argued that the plaintiff had no federal interest or right in any of the programs or items that she listed in her § 1983 claim. For those reasons, the defendants argued that their motion should be granted. The plaintiff then filed a response, wherein she reasserted her

arguments, as well as an equal protection claim. ECF No. 20. The defendants filed a reply, where they restated their arguments from their motion and sought to refute the alleged equal protection violation. ECF No. 26. Finally, the plaintiff filed a response to the defendants' reply, where she restated her arguments. ECF No. 29.

Following the parties' filings, the magistrate judge entered his report and recommendation. ECF No. 35. In that report and recommendation, the magistrate judge recommended dismissing the matter with prejudice as moot. Specifically, the magistrate judge provides that since filing her complaint, the plaintiff filed a notice of a change of address. More importantly, she was transferred to a DOC facility. ECF No. 34. That means she can now seek the programs that were allegedly unobtainable while she was housed in the regional jail. Accordingly, the magistrate judge found that no relief exists that the court can offer her, as her complaint provided that the plaintiff sought a transfer as her relief. Accordingly, the magistrate judge determined that her claim is now moot. The plaintiff did not file objections.

However, prior to the report and recommendation, the plaintiff filed a motion to set a trial date. ECF No. 34. In that motion, the plaintiff discusses her medical maladies and claims that animosity exists between her and the medical staff. Further, she requests this Court schedule a trial date. The plaintiff filed that motion

two months before notice of her transfer to a DOC facility was filed.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. Because no objections were filed, all findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

## III. Discussion

As the Supreme Court of the United States stated in U.S. v. U.S. Gypsum Co., "a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left within the definite and firm conviction that a mistake has been committed." 333 U.S. 364, 395. After reviewing the record before this Court, no clearly erroneous findings exist. The magistrate judge properly determined that the plaintiff's claim is now moot. The report and recommendation cites to Powell v. McCormack, which states that "simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." 395 U.S. 486, 496 (1969). Furthermore, "[i]f developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the

4

requested relief, the case must be dismissed as moot." Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3rd Cir. 1996)(internal citations omitted). Here, the plaintiff sought an immediate transfer to a DOC facility. Further, the plaintiff provides in her notice of a change of address that she has been transferred to such a facility. Therefore, the issues in this civil action are now moot. Accordingly, no clear error exists in the magistrate judge's report and recommendation so as to show that a "mistake has been committed."

## IV. Conclusion

For the reasons above, the report and recommendation of the magistrate judge is AFFIRMED AND ADOPTED. Accordingly, this civil action is DISMISSED WITH PREJUDICE AS MOOT. Accordingly, all pending motions are hereby DENIED AS MOOT. Further, it is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Finally, this Court finds that the plaintiff was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights. Because the plaintiff has failed to object, she has waived her right to seek appellate review of this matter. See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: January 6, 2015

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE